Stein, J.
(dissenting). I would affirm the order of the Appellate Division. Plaintiff’s allegations of malpractice “center[ed] around an alleged contraindicated prescription by Dr. Silver-man to plaintiff of Lipitor separately and/or in conjunction with Azithromycin.” As the majority recognizes, plaintiff claims that “defendant’s negligent administration of Lipitor and his negligent administration of the combination of Lipitor and azi-thromycin” caused his injuries (majority mem at 1061). The nature of this claim can be more fully understood when read in light of plaintiff’s more specific explanation in his bill of particulars that defendant “exacerbated [pjlaintiffs adverse reaction to Lipitor by prescribing the concurrent administration of Azithromycin.”
In my view, defendant met his burden of establishing prima facie entitlement to summary judgment. That is, “[a] fair reading of the [expert affidavit], [and] hospital records . . . compel the conclusion that no material triable issues of fact exist as to the claims of malpractice asserted against the defendant in the amended complaint as amplified by the bill of particulars” (Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986] [emphasis added]). The affidavit of defendant’s expert explains that no epidemiological studies even link Lipitor or other statins to plaintiff’s injury and that an isolated case report—which, as the expert noted, cannot demonstrate causation (see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 783 [2014])—show-ing that Lipitor, in combination with drugs other than azithro-mycin, caused a type of myopathy was not relevant because plaintiff’s medical records revealed that he did not have myopathy. The expert affidavit sufficiently demonstrated, for purposes of making a prima facie case, that plaintiff had no pertinent adverse reaction to Lipitor that could have been exacerbated by the prescription of azithromycin, which was the basis of plaintiff’s claim that the combination of drugs injured him. Contrary to the majority’s conclusion, the expert was not required to further “address the effect of azithromycin administration alone or in conjunction with Lipitor” (majority mem at 1062), which is the converse of plaintiff’s claim, as opposed to his actual claim.
With defendant having made a prima facie showing, the burden shifted to plaintiff to raise a triable issue of fact. *1067 Inasmuch as there is simply too great of an analytical gap between the data relied upon by plaintiff’s experts and their conclusion that Lipitor, alone or in conjunction with azithromy-cin, caused plaintiff’s injuries, defendant’s motion for summary judgment was properly granted (see Cornell, 22 NY3d at 781).
Chief Judge DiFiore and Judges Pigott, Fahey and Garcia concur; Judge Fahey in a separate concurring opinion; Judge Stein dissents and votes to affirm in an opinion in which Judges Rivera and Abdus-Salaam concur.
Order reversed, with costs, defendant David A. Silverman, M.D.’s motion for summary judgment denied, and certified question answered in the negative, in a memorandum.